Whaley, Judge,
delivered the opinion:
The plaintiff on September 8, 1924, entered into a contract with the defendant, acting through the Paymaster General of the Navy (Bureau of Supplies and Accounts), under the direction of the Secretary of the Navy, whereby it agreed, in consideration of the sum of $5,350, to furnish and deliver ■certain articles and to perform certain services in conformity with the requirements of the specifications attached to and made a part of the contract. The specifications required the plaintiff to fabricate and assemble a purifier in accordance with the terms of the specifications and the Bureau of Mines drawings. The materials used in the castings were minutely set out; every step in the pouring of the castings was made under the instructions, supervision, and inspection of the officers of the defendant. From time to time changes in the composition of the materials were made in writing by the defendant and agreed to by the plaintiff, and in the tensile strength requirements, but in each change it was expressely stated no change in the contract price was to be allowed. After some ninety castings had been made according to the formula of the Bureau of Mines, under whose direction and ■supervision the plaintiff was directed to act by the defendant, thirty of them, having passed inspection and met with the approval of the agents of the defendant, were assembled and fabricated into a machine called á purifier, according to the design and drawings of the Bureau of Mines, for the purpose of separating helium gas from other gases. When this machine was tested it was found that owing to the porosity of the metal, there was a leakage in the fore purifier. The cause of the leakage was the porosity of the castings which had been poured according to the formula prescribed by the defendant. A representative of the defendant was present at the pouring of the castings and approved and ■stamped the castings and the test bars. The plain,tiff complied with every requirement of the contract, and in no instance departed from the plans and specifications or ■changes made in the specifications by the defendant and agreed to by it. Everything was done under the instructions, supervision, and approval of the agents of the defend *482 ant. The plaintiff was not responsible for the composition of the metal, but, under the contract, had to follow the formula laid down in the specifications. The design of this, apparatus, by the Bureau of Mines, as a helium purifier was an experiment. No apparatus of like design had ever been made before, and none has been made since. The design was a failure. The plaintiff did not contract to manufacture a helium purifier. It only contracted to furnish the articles and perform the services, and ,to assemble and fabricate, according to the plans and specifications which contained the minutest details, from the pouring of the metals to their final assembly and fabrication. After two years’ effort and the expenditure of over $8,000.00, the plaintiff found that it was impossible to stop the leakage due to the porosity of the metal, and declined to furnish any more material or perform any more services. The plaintiff acted in good faith throughout the whole period of the contract, and in no instance departed from the terms of the contract and specifications. The failure in the making of this machine was solely due to the faulty specifications. The porous composition of the metal was the underlying cause of the leakage. The testimony shows that there was never a complaint of the workmanship of the plaintiff.
“ The contractor is obligated to do what the plans and specifications direct him to do, and when he has done so in a good and workmanlike manner he has discharged his responsibility under the contract. If the plans and specifications are deficient, if they are inadequate and structurally wrong, it is the fault of the parties proposing them and not the contractor executing the same. The judgment and skill of the contractor is relied upon by the defendants to the extent only of executing the plans as they design them.” Spearin v. United States, 51 C. Cls. 155, 171. Affirmed 248 U. S. 132. See also Dayton-Wright Co. v. United States, 64 C. Cls. 544.
The plaintiff carried out its part of the contract and is entitled to the payment named in the contract.
The plaintiff claims there was such a complete divergence from the terms of the contract and specifications that it is *483 entitled to recover the amount actually expended. The evidence does not disclose such a radical departure from the terms of the contract, but, on the contrary, shows that the plaintiff complied with the contract, as set forth in the specifications, and the changes made from time to time as issued by the defendant and accepted by it. There can be no recovery for a larger amount than that named in the contract.
Judgment will be awarded to the plaintiff for the sum of $5,350. It is so ordered.
Williams, Judge; Littleton, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.